JOHN and ANN MELLICHAR, Appelllants, v. CITY OF IOWA CITY.

**Condemnation**: ATTORNEY FEES: *Dismissal by railroad.* Under Code, chapter 4, title 10, section 2007, relative to condemnation of private property for public improvements and providing that the condemning corporation shall pay all costs of assessment and those occasioned by appeal, including reasonable attorney's fees, to be taxed by the court, unless on trial of the appeal, the same or a less amount of damages is awarded than was allowed by the commissioners, a corporation which, on appeal by a property owner from a commissioner's award in condemnation proceedings, dismisses the proceeding, is liable for appellant's attorney's fees.

ATTORNEY FEES: *For pleading not required by Code.* Attorney's fees on appeal from such proceeding may properly include a fee for preparing an answer, which, though not required by statute, is regarded by careful attorneys as expedient.

*What fee may be allowed for.* Fees for services rendered in other appeals or in suits for the protection of appellant's property cannot be allowed under the statute.

*Appeal from Johnson District Court.*—HON. CHAS. A. BISHOP, Judge.

SATURDAY, APRIL 12, 1902.

THE city by appropriate resolution, passed upon the necessity for cemetery purposes of certain lots owned by Ann Mellichar, and proceeded to condemn the same.   She, not being content with the amount fixed by the sheriff's jury, ap-

pealed to the district court. Before trial the city dismissed
the proceedings, and abandoned all claim to the property.
Thereupon she asked that attorney's fees be allowed her, and
be taxed with other costs against the city. This was denied,
and she, with whom her husband joins, appeals.—*Reversed.*

*Remley & Ney for* appellants.

*W. H. Bailey* for appellee.

LADD, C. J.—Proceedings for the condemnation of land
by a city for public uses are governed by the provisions of
chapter 4, title 10, of the Code, relating to the taking of
private property for public improvements, save in the matter
of the qualification of jurors. Section 884, Code. Section
2007 of that chapter reads: "The corporation shall pay all
the costs of assessment made by the commissioners and
those occasioned by the appeal, including reasonable
attorney fees, to be taxed by the court, unless on trial
thereof the same or a less amount of damages is awarded than
was allowed by the commissioners." As to validity of
this statute, see *Gano v. Railroad Co.,* 114 Iowa, 713. The
costs made by the commissioners are to be paid by the cor-
poration in any event. Only those of appeal to the district
court, and attorney's fees occasioned thereby, depend in any
way on the result of the trial. These are to be taxed against
the corporation, except in the contingency of a trial at which
the amount of damages is not increased. If that contin-
gency does not arise, according to the plain language of the
statute, they are to be paid by the corporation. It is only
when the appeal has been shown, in the manner pointed out,
to have been improvidently taken, that the corporation is re-
lieved from the payment of the costs occasioned by it. But
for this statute, some difficulty might be experienced in de-
termining whether, as a condition of discontinuance of the
proceedings, reasonable attorney's fees might be exacted. See

*In re Waverly Waterworks Co.,* 85 N. Y., 481; *In re Water Com'rs of Jersey City,* 31 N. J. Law, 74 (86 Am. Dec. 199); *St. Louis R. Co. v. Southern R. Co.,* 138 Mo. Sup. 471 (39 S. W. Rep. 471); *St. Louis, F. S. & W. R. Co. v. Marlin,* 29 Kan. 750. On the abandonment of the proceeding it is but just and equitable that the party attempting to wrest the property from its owner should pay the expenses of litigation already incurred, and such is the design of the section of the Code quoted.

II. But the court is limited, in taxing attorney's fees, to services rendered on appeal from the findings of the sheriff's jury. Such is the clear import of the statute. The court found services of counsel rendered therein to be of the value of $70, and this amount should have been taxed against the city as attorney's fees. Included in this is a charge for preparing an answer, which appellee insists was not required by statute. Even though not absolutely necessary, it cannot be said, as a matter of law, not to have been expedient to put in writing the precise issues to be raised. Indeed, such a course is usually followed by careful attorneys, and may be safely declared the better practice. As to the fact of being proper in this appeal, the finding of the district court was final. Compensation for services rendered in other appeals, or in suits for the protection of plaintiff's property, not having been "occasioned by the appeal," cannot be allowed.—REVERSED.