ANNA JONES, ADMINISTRATRIX, Appellant, v. SCHOOL
    BOARD OF LIBERTY TOWNSHIP, Appellee.

**Condemnation of land for school purposes:** TAXATION OF COSTS:
   ATTORNEYS' FEES.   Code, section 2815, relating to the condemna-
   tion of land for school purposes, is a proceeding quite complete
   in itself and does not expressly provide for the taxation of at-
   torneys' fees as a part of the costs, nor does it by reference
   adopt any other provision of the statutes authorizing the same,
   so that as attorneys' fees are not taxable against the adverse
   party except when authorized by law they cannot be recovered
   in a proceeding under this statute.

*Appeal from Johnson District Court.*—HON. R. P.
             HOWELL, Judge.

WEDNESDAY, NOVEMBER 18, 1908.

   THIS is a proceeding under section 2815, Code 1897,
for the condemnation of land for school district purposes.
The commissioners appraised the plaintiff's damages at
$500.   Plaintiff appealed to the district court.   Upon trial
there, the jury fixed her damages at $850.   The court
taxed all costs to the defendant.   Plaintiff moved for the
allowance of an attorney fee of $150 as part of the tax-

able costs. The court denied the motion, and from this ruling the plaintiff appeals.—*Affirmed.*

*John J. Ney,* for appellant.

*Ranck & Bradley,* for appellee.

EVANS, J.—Section 2815 of the Code makes no express provision for the taxation of attorney's fees as part of the costs. The contention of the appellant is that this section, by reference, adopts the provisions of section 2007. The language of section 2815, which is made the basis of this claim, is as follows: "From the assessment so made, either party may appeal to the district court by giving notice thereof, as in case of taking private property for works of internal improvement within twenty days after receiving notice of the award made." The contention of appellee is that this language only points out the method of taking the appeal, and that it does not, either expressly or by implication, adopt the provisions of section 2007. In support of appellant's contention counsel point out to us, by way of analogy, section 884 of the Code, which reads as follows: "Proceedings for condemnation of land as contemplated in this title, shall be in accordance with the provisions relating to taking private property for works of internal improvement, except that the jurors shall have the additional qualification of being freeholders of the city or town." Under this statute it was held by this court that the corporation city was liable for attorney's fees as a part of the costs. *Mellichar v. Iowa City,* 116 Iowa, 390. Appellant's counsel contend that the reasoning which was adopted in that case is necessarily conclusive of the case at bar. We think otherwise. Section 884, in terms, adopted "the provisions relating to taking private property for works of internal improvement," with the single exception therein stated. No other "provision" is made for

the condemnation of land for city purposes, except those incorporated by such reference in section 884. The provisions thus referred to are found set forth in sections 1999 to 2013, inclusive. It was therefore held by this court that section 2007 was applicable in all its provisions to that class of condemnation proceedings.

On the other hand, section 2815, under which the proceedings in the case at bar were had, is quite complete in and of itself. It provides a method of proceedings somewhat different from the other chapter of the Code. It does provide that "either party may appeal to the district court by giving notice thereof, as in case of taking private property for works of internal improvement." This points out only the method of taking the appeal. The effect of this provision of section 2815 is to adopt a part of section 2009. This is the only section which provides the method of taking an appeal in the chapter referred to. It is manifest, also, that only a small part of this section is adopted by this reference. Under section 2009 the notice of appeal may be served within thirty days, and must be served upon the sheriff. Whereas under section 2815 such notice of appeal must be served within twenty days, and presumably upon the county superintendent rather than the sheriff.

Section 2815 does not, in terms, adopt the "provisions" of any other section, or group of sections. Section 2007 relates wholly to the subject of costs, and it provides that reasonable attorney fees are to be included as a part thereof. Section 2815 has its own provisions concerning costs, and they are substantially the same as the provisions of section 2007, except as to the item of attorney's fees. If the proceedings were to be controlled by section 2007, then it was quite useless to deal with the subject of costs in section 2815. It is the rule in this State that attorney's fees are not taxable as costs against the opposite party, except by express statutory provision.

Appellant calls our attention to the fact that section 2815 does not of itself provide a method of procedure in the district court. Counsel urge therefore that it must have intended to adopt the provisions of chapter 4, title 10, which includes section 2007. This suggestion is not without some force, but it is not controlling. Section 2815 does provide for the method of appeal to the district court. Jurisdiction being thus conferred, it will not fail for want of a statutory procedure. In the absence of statutory provision fixing the procedure, the power of the court is adequate to adopt a procedure consistent with the constitutional rights of the parties. It goes without saying that the court could, in such a case, properly adopt the method of trial pointed out in chapter 4, title 10. Be that as it may, if we were to give the appellant the benefit of the provisions of section 2007, we would have to go farther than we did in the *Mellichar* case. The language of section 884, upon which that decision was based, is much broader and more comprehensive than that employed in section 2815. We would not be warranted in putting the same construction on the two sections.

The ruling of the trial court was right, and the judgment is *affirmed*.