GLOBE MACHINERY & SUPPLY COMPANY, Appellant, v. CITY
OF DES MOINES.

**Municipal corporations:** VIADUCTS: ASSESSMENT OF DAMAGES: COSTS.
1 The costs occasioned by the assessment of damages to abutting
property for the construction of viaducts, including a reasonable
attorney's fee, with those incurred by an appeal, are taxable against
the city, if the damages are increased on the appeal.

**Same:** APPEAL: WAIVER OF RIGHT OF RECOVERY. The acceptance by a
2 property owner of a part of the damages assessed, over which
there is no controversy on appeal, will not waive the appeal as
to a right to recover those matters which are controverted.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

THURSDAY, JUNE 6, 1912.

THE defendant city, having proceeded in a proper
manner to provide for the construction of a viaduct in one
of its streets over the tracks of certain railway companies,
which viaduct was to be constructed at the expense of such
companies, caused proceedings to be instituted for apprais-
ing, assessing, and determining the damages caused to
property abutting on the street by reason of the construc-
tion of such viaduct and its approaches. See Code, sections
770-774, as amended by subsequent statutes embodied in
Code Supp., sections 771-774. In this proceeding, there
was an assessment by commissioners appointed by the
sheriff of the damages to plaintiff's property, which abutted
upon the portion of the street in which the viaduct and
its approaches were to be constructed. From this assess-
ment, the plaintiff appealed to the district court in the
manner provided in Code, sections 2009-2012, for appeals

in proceedings involving the taking of private property for public use, and as the result of this appeal the amount to be paid to the plaintiff was largely increased. Thereupon plaintiff moved to have the lower court tax against defendant and in favor of plaintiff's attorneys the reasonable attorney's fees of plaintiff on such appeal. This motion was overruled, and the court directed that the costs of the assessment and of the appeal, not including any allowance for attorney's fees, be taxed to the defendant. From the order disallowing attorney's fees as a portion of the costs, the plaintiff appeals.—*Reversed.*

*Read & Read,* for appellant.

*R. O. Brennan, H. W. Byers, and Eskil Carlson,* for appellee.

McCLAIN, C. J.—The statutory provisions as to taking of private property for public use, which includes Code, section 2007, relating to attorney's fees in favor of the person whose property is sought to be condemned, evidently have no application to the assessment of damages to an abutting property owner resulting from the construction of a viaduct in a public street of a city, unless, in the statutes relating to viaducts, they are incorporated by reference. Furthermore, it is plain that, even though the construction of such viaduct may be a change of grade of the street for which the city would be liable, under the provisions of Code, section 785, to an abutting property owner, who has improved his property in reliance on a previously existing grade, the Legislature has authorized a different method of procedure in regard to the assessment of damages for the construction of a viaduct from that provided in case of a change of grade; for, by Code, section 786, the amount of damages for change of grade is to be determined by commissioners selected by the mayor and the property owner,

who are to report their appraisement to the city council, which may confirm or annul the appraisement in its discretion, a right of appeal from the action of the council confirming the assessment to the district court being provided for (see Code, sections 786-790); while, in regard to viaducts, it is provided that the proceedings for assessing the damages to abutting property owners "shall be the same as in case of taking private property for works of internal improvement." Code, Supp. section 771. The defendant city did proceed in accordance with the method prescribed for assessing damages in case of taking private property for works of internal improvement; and it must be conceded that, having pursued this method, the defendant was bound to pay the costs of the assessment and those occasioned by the appeal out of the funds designated in Code Supp., section 771-a.

The only question now before us is whether the costs of the assessment and those occasioned by the appeal include reasonable attorney's fees, as provided in Code, section 2007; that is to say, the question now is whether, having incorporated into the viaduct statute a provision that the proceedings shall be the same as are provided in case of taking private property for works of internal improvement, such incorporation by reference covers the provision as to including as a part of the costs the attorney's fees of the property owner in whose favor an assessment is made.

1. MUNICIPAL CORPORATIONS: viaducts: assessment of damages: costs.

We think there can be but one reasonable answer to this question. There is no provision whatever in the viaduct statute for the payment of costs of the assessment or of the appeal, save by reference to the statute relating to the taking of property for works of internal improvement. Indeed, there is no provision for an appeal from the assessment, save by reference to the general condemnation statute, above referred to. When the defendant elected to proceed under the condemnation statute to have assessed the dam-

ages to abutting property owners, it became bound to pay out of the funds specified in the viaduct statute the damages and costs which are contemplated by the condemnation statute; for the costs of the proceedings are necessarily incidental to the assessment of the damages. To ascertain what costs should be paid as incidental to the assessment and the appeal, we must look to the condemnation statute, which, as already indicated, specifically provides that the costs of the assessment shall include reasonable attorney's fees on appeal, unless on the trial of the appeal there is no increase in the amount of damages awarded.

This conclusion is in accordance with the views of the court expressed in *Mellichar v. Iowa City*, 116 Iowa, 390, in which it was held that proceedings by a city for condemnation of land for municipal purposes, being directed to be "in accordance with the provisions relating to taking private property for works of internal improvement," involved liability on the part of the city for the costs of the assessment and of the appeal, including attorney's fees, if the damages on appeal were increased. Of course, neither the costs nor attorney's fees are to be taxed in a special proceeding of this character, unless the statute so provides; but, having by reference incorporated into the viaduct statute the provisions relating to assessment of damages found in the condemnation statute, the provisions of the latter as to costs are necessarily incorporated by the same reference, and, if the provision as to costs is thus included, then necessarily the provision as to including attorney's fees on appeal as a part of the costs is also incorporated.

In *Jones v. School Board*, 140 Iowa, 179, the court had under consideration the provision found in Code, section 2815, relating to condemnation of schoolhouse sites by a school district. That section provides a procedure for the assessment of damages in such cases quite different from the procedure provided in the statute relating to the taking of private property for works of internal improve-

ment; the only reference to the latter being that an appeal from the assessment may be taken "by giving notice thereof as in case of taking private property for works of internal improvement." Plainly the reference here made does not incorporate by reference the provisions of the condemnation statute referring to assessment of damages, as to costs, nor as to attorney's fees, but only such provisions as relate to the giving of notice; and the court therefore held that, under Code, section 2815, the provisions of Code, section 2007, relating to costs and attorney's fees, and having no reference whatever to notice of appeal, were not incorporated by such reference.

Further discussion is not necessary in support of our conclusion that the trial court erred in this case in holding that attorney's fees should not be included in determining the costs of the appeal.

It is contended for appellant that, as the plaintiff has accepted the amount of damages allowed on appeal, it is now barred from maintaining this appeal with reference

2. SAME: appeal: waiver of right of recovery.

to the disallowance of attorney's fees. But it is well settled that the acceptance of the amount of the judgment, about which there is no controversy on the appeal, does not waive the appeal as to a right of recovery which is in controversy. *Funk v. Mercantile Trust Co.,* 89 Iowa, 264; *Byram v. Polk County,* 76 Iowa, 75; *Upton Mfg. Co. v. Huiske,* 69 Iowa, 557.

The ruling of the trial court disallowing attorney's fees on appeal as a portion of the costs is therefore—*Reversed.*