MARGARET J. NICHOL, Appellant, v. W. H. NEIGHBOUR, County Auditor, et al., Appellees.

COSTS: Taxation—Attorney Fees. A statutory provision for the taxa-
tion, in eminent domain proceedings, of attorney fees in favor of a
successful party, is no authority for such taxation in another like
proceeding under a separate and different statute which makes no
provision for such taxation.

Headnote 1:  20 C. J. p. 1145.

Headnote 1:  7 R. C. L. 792.

*Appeal from Monroe District Court.*—E. S. WELLS, Judge.

OCTOBER 19, 1926.

Plaintiff appeals from the refusal of the trial court to tax attorney fees in her favor, on an appeal from award of damages in proceedings to relocate a highway, in which she, on the appeal, secured a verdict for a larger amount than the award of the appraisers.—*Affirmed.*

*Miller & Everett,* for appellant.

*Theodore B. Perry,* County Attorney, and *J. C. Mabry,* for appellees.

MORLING, J.—The trial of the appeal from the award of damages was had after the Code of 1924 took effect. The plaintiff claims that the case is governed by the provisions of that Code. We will assume this to be true, for the purposes of the appeal. The relocation proceedings were under Section 4607 *et seq.* of the Code of 1924. Plaintiff's contention, in brief, is that these sections, other than Section 4608, make no provision for costs; that, under the constitutional guaranty of just compensation, and the provisions of Sections 7822 and 7852, Code of 1924, attorney fees should be awarded.

Section 7822 is a new enactment, declaring:

"The procedure for the condemnation of private property for works of internal improvement, and for other public uses and

purposes, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter [Chapter 366, Code of 1924]."

Section 7852 provides:

"The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded * * *"

This section is not only contained in a distinct and separate chapter from that under which the proceedings in question were had, but it in terms applies to the assessment made by the commissioners appointed under the provisions of Chapter 366, on appeal from their award. Section 7822 excepts from the operation of Chapter 366 cases in which procedure is otherwise provided by law. Section 4607 *et seq.* are a part of Chapter 237, which provides a complete method of procedure for the establishment, alteration, and vacation of highways. It is expressly provided by Section 4617 that claimants for damages may appeal from the award "in the manner and time for taking appeals from the orders establishing highways generally." While nothing is said, in express language, about the method of procedure after the appeal is taken, we think it is clear that the procedure provided by Chapter 237, and not that provided by Section 366, is to govern. Section 4608 reads:

"The cost entailed by a change * * * shall be paid: 1. From the primary road fund * * *"

This section has reference to the entire cost of the change, and not merely to taxable costs of an appeal. Taxable costs are provided for by Section 4601, as follows:

"If the appeal be taken by the petitioners, they shall pay the costs, unless the claimant recovers a less amount than was allowed him by the board * * *"

Attorney fees are an item of costs, and not a necessary element of "just compensation." In *Wormely v. Mason City & Ft. D. R. Co.,* 120 Iowa 684, we said:

"As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. In exceptional cases they have been awarded as damages, but such cases are wholly exceptional, and have no application to the

question now before us. When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute.''

*Jones v. School Board,* 140 Iowa 179, we think is controlling. We there said, with respect to a quite similar contention:

''It is the rule of this state that attorney's fees are not taxable as costs against the opposite party, except by express statutory provision.''

See, also, *Woodcock v. Wabash R. Co.,* 135 Iowa 559; *Globe Mach. & Sup. Co. v. City of Des Moines,* 156 Iowa 267, 270. Section 4601 does not provide for the payment of attorney's fees, nor is any such provision found in Chapter 237.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.