EUGENE FRANCIS KANE, appellant, v. CITY OF MARION, LINN COUNTY, IOWA, appellee.

W. L. McCALLEY, appellant, v. CITY OF CEDAR RAPIDS, LINN COUNTY, IOWA, appellee.

No. 50101.

(Reported in 104 N.W.2d 626)

1158

August 2, 1960.

White & Stone, of Marion, and Holmes & Holmes, of Cedar Rapids, for appellants.

Moyer & Allen, of Marion, and Donald T. Hines and David F. McGuire, both of Cedar Rapids, for appellees.

THOMPSON, J.— ██ The Cities of Marion and Cedar Rapids have adjoining boundaries. We take judicial notice of this fact. 31 C. J. S., Evidence, section 33(c), pages 582, 583; Haines v. Board of Supervisors, 243 Iowa 566, 568, 52 N.W.2d 699, 700; Main v. Ellsworth, 237 Iowa 970, 974, 23 N.W.2d 429, 431.

On August 17, 1959, the two cities entered into a contract for the construction, maintenance and use of a joint sewer system and sewage disposal facilities. Suits were brought by taxpayers and residents of the respective cities, each of which alleged the execution of the contract, alleged its invalidity, and asked a judicial determination thereof. Each action, in a separate division, challenged the method of financing the proposed construction of sewer lines and disposal plant; but since we have concluded the contract itself was void we find no occasion to determine the question of financing, and give it no further attention. The two cases raised identical issues and attacked the same contract, and were therefore consolidated for trial. The trial court upheld the validity of the contract, and the plaintiffs have appealed, the two appeals being submitted together.

██ I. The powers of municipalities are only those expressly granted by the legislature, those fairly implied in or incident to those expressly granted, and those indispensably essential—not merely convenient—to the declared objects and purposes of the municipality. Gritton v. City of Des Moines, 247 Iowa 326, 331, 73 N.W.2d 813, 815; City of Mason City v. Zerble, 250 Iowa 102, 106, 93 N.W.2d 94, 96, 97. Likewise the grant of powers is strictly construed, and when there is reasonable doubt as to the existence of a power it will be denied.

Gritton v. City of Des Moines, supra, at page 331 of 247 Iowa, page 816 of 73 N.W.2d, with authorities cited.

II. It is conceded by all parties to the present litigation that the power of the two cities to enter into the proposed contract for the construction, operation and maintenance of a joint sewage system and disposal plant must come, if at all, from section 392.1 of the Code of 1958. This section is in two sentences. The first has been a part of the municipal law of Iowa since 1925. The second, upon which the defendant Cities rely, was added by the Fifty-fourth General Assembly in 1951. The entire section is set out:

"392.1 Authorization. When the boundary limits of cities or towns join and such cities or towns are located upon or adjacent to a river or stream which furnishes drainage for such cities or towns, or either of them, and is also the source of water supply for the inhabitants of either or all of said cities or towns, such cities or towns are authorized to contract with each other for the joint use of the sanitary sewer system of either of such cities or towns for the purpose of furnishing a joint outlet therefor and to make provision therein for the payment of an agreed consideration for such joint use including an annual charge for the same. Provided, however, that nothing herein shall prevent cities and towns adjacent to each other from contracting with each other for the joint use of the sanitary sewer system of either city or town."

The plaintiffs argue that no other section of the Code gives cities or towns power to enter into joint contracts for sewer construction and maintenance, and the defendants in their brief say "In no other provision of the Code of Iowa are cities and towns given the power to enter into such contracts." Section 392.1 and its proper interpretation therefore become all important.

It is also conceded in argument that the cities of Marion and Cedar Rapids do not meet the conditions set forth in the first sentence of section 392.1. The plaintiffs so assert, and the defendants admit "As asserted by plaintiffs, in their brief, the cities of Marion and Cedar Rapids do not meet the conditions set forth in the first part of Section 392.1." In what

respect they fail to meet these requirements we are not advised. We have pointed out that we take judicial notice of the joining boundaries; but the record does not advise us whether any stream furnished drainage for either city, and is also the source of water supply for either or both. In view of the concession of the defendants in argument that the cities do not meet the conditions required by the first sentence of section 392.1, we so consider it.

III. The question then becomes a narrow one. It is this: Does the second sentence of the section, the one added by the 54th G.A., provide the necessary authority for the execution of the contract by the two cities? As is so often the case the fact that the question is narrow does not mean it is easy of determination. The case was tried upon a stipulation of fact, with no other evidence taken. The stipulation provides that Exhibit "A" attached is a true copy of House File 586 of the 54th G.A., as introduced, including the explanation of the bill as set out therein (this being the bill which was enacted as the second part of section 392.1, supra). It is further stipulated that Marion and Cedar Rapids are "adjacent to each other" within the meaning of said section; that the sanitary sewer system as contemplated by the challenged contract is to be constructed as described in plaintiffs' petitions, and the mains and disposal plant to be constructed will be available to both cities; and that each city has annexed several hundred acres of additional territory which will be served by the proposed sewer system.

IV. It will be noted that the amendment to the original Act, which became the second sentence of the section, is in the nature and form of a proviso. The function of a proviso is ordinarily to except something from the statute to which it is attached, or to qualify or limit its generalities, or to make clear its extent. It is not to be used to enlarge the enactment. Rice v. City of Keokuk, 15 Iowa 579, 583; Black's Law Dictionary, Fourth Ed., page 1390; State Public Utilities Comm. v. Early, 285 Ill. 469, 121 N.E. 63, 66; Jordan v. Town of South Boston, 138 Va. 838, 122 S.E. 265, 267.

It is also the rule that "the office of a proviso is not to

repeal the main provisions of the act but to limit their application, [and] no proviso should be so construed as to destroy those provisions." 50 Am. Jur., Statutes, section 440, page 460. It is in the light of these established principles that we must consider the statute before us.

The language of the second sentence of section 392.1 is couched in negative terms, and makes it clearly a proviso. Its apparent purpose is to limit the first sentence, to make an exception from its provisions. The defendants must, to uphold their position, show that it is a grant of power. But its language is not susceptible to that interpretation. It says only that nothing in the first sentence shall prevent cities and towns *adjacent* to each other from contracting for the joint use of the sanitary sewer system of either. (Italics supplied.) This seems to presume such right would exist except for the provisions of the first sentence; but it is admitted this is not the fact, as we have pointed out. It is conceded no such power exists except as granted by this section.

■ V. The defendants urge, and cite authority for, the proposition that all language of a statute must be given meaning if a reasonable construction will permit. The principle applies to provisos when it can be done in accordance with recognized rules of construction. In re Guardianship of Wiley, 239 Iowa 1225, 1229, 34 N.W.2d 593, 594. This may be granted; but we see no way in which this may fairly be done in the case before us, except by adopting the interpretation contended for by the plaintiffs. This is that the proviso does no more than extend the power granted by the first section, what the plaintiffs aptly call the "basic statute", to cities and towns which are "adjacent" in the sense that they lie near each other without having boundary limits which join; and subject otherwise to all the conditions of the first sentence. To hold otherwise would be to abrogate entirely the first sentence and create a repugnancy between the basic statute and the proviso. This is so because the word "adjacent" includes not only municipalities lying near each other but not having touching boundaries, but also those whose boundaries actually join. "Adjacent" includes "adjoining." As defined by Webster's New International Dictionary,

"adjacent" means "lying near, close, or contiguous; neighboring; bordering on; * * *." Synonyms given are "nigh, juxtaposed, meeting, touching, * * * adjoining, contiguous, conterminous, abutting, * * *." So if the proviso is to be construed as giving adjacent cities the right to contract free of the restrictions embodied in the first sentence of the Act, those whose boundaries actually join are also "adjacent" and may likewise contract, and the restrictions upon such power embodied in the basic statute are destroyed.

■ VI. Thus the defendants are faced with two horns of the dilemma, and can find no comfort from being impaled upon either. Unless the interpretation that the proviso does no more than to give the same rights to cities which are merely "adjacent" in the sense that they lie near each other without touching boundaries is adopted, the proviso is repugnant to and destroys the basic Act to which it is an amendment; because adjoining cities are also adjacent. But a proviso repugnant to the main statute is void. This is the modern rule, although there are some earlier cases which hold the proviso controls. It is said in 50 Am. Jur., section 440, page 460, supra: "The rule now generally approved is that a proviso which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy." In 82 C. J. S., Statutes, section 381, page 889, the rule is thus stated: "A proviso which is repugnant to the body or purview of the statute, and cannot be reconciled therewith, is generally considered to be inoperative and void; * * *." See also 25 R. C. L., Statutes, section 232, page 987; State ex rel. Wilson v. King County, 7 Wash.2d 104, 109 P.2d 291, 293; Reuter v. Board of Supervisors of San Mateo County, 220 Cal. 314, 30 P.2d 417, 420; American Can Co. v. McCanless, 183 Tenn. 491, 193 S.W.2d 86; Gist v. Rackliffe-Gibson Construction Co., 224 Mo. 369, 123 S.W. 921, 927.

We have given attention to the authorities relied upon by the·defendants, particularly Kinney Loan & Finance Co. v. Sumner, 159 Neb. 57, 65 N.W.2d 240, and Charter Township of Warren v. Municipal Finance Commission, 341 Mich. 607, 67 N.W.2d 788, and do not find them factually in point. There is language in some of our earlier cases, notably Campbell v.

Jackman Bros., 140 Iowa 475, 480, 481, 118 N.W. 755, 757, 27 L. R. A., N. S., 288, and Mote v. Incorporated Town of Carlisle, 211 Iowa 392, 396, 397, 233 N.W. 695, 697, which seems to uphold the view that the proviso will prevail if it is repugnant to the purview of the Act. But in neither of these cases did the language of the proviso or exception destroy the basic statute. In each it did no more than except its application to certain situations.

We think the rule that a proviso repugnant to the purview of the statute is void, is sound. If the legislature intended the proviso to control and so to destroy the basic Act, there seems no reason why it did not repeal the statute outright and entirely. However, we think the proper interpretation here is to adopt that construction of the entire Act, including the proviso, which will give effect to all of it. This means that cities and towns which lie near each other without having actually touching boundaries are given the same powers which are defined in the first sentence of the Act, under the same conditions. It being admitted that Marion and Cedar Rapids do not meet these conditions, it follows that they do not have the power to contract, and the plaintiffs' position must be upheld.

VII. We do not pass upon the question of the sufficiency of the first sentence of section 392.1, standing alone, to uphold the right of the defendants to make the contract which is here challenged. The stipulation of facts, which embodies all the evidence, does not show that either city uses a stream which is "adjacent" to both for drainage, and that either makes it a source of water supply. Also it is conceded in the briefs that the defendant cities are not within the provisions of the first sentence, the purview of the Act.

VIII. Some attention must be given to the explanation of the purpose of the proviso. This was in writing, attached to House File 586, which was enacted by the Fifty-fourth General Assembly and now appears as the proviso, the second sentence, of section 392.1, supra. It was admitted in evidence by the stipulation of facts. It says:

"Under the present provisions of Section 392.1, Code of 1950, it is questionable whether cities and towns are authorized

to contract for joint use of sanitary sewers unless they meet every condition laid down in said section.

"The purpose of this bill is to authorize cities and towns to contract for the joint use of the sanitary sewer system of either regardless of whether they meet all the conditions laid down in said section."

■■ In construing statutes, the courts are said to seek to determine the true intention of the legislature in enacting them. This, however, needs some qualification. As Mr. Justice Oliver Wendell Holmes pertinently said, the search is not for what the legislature meant, but what the statute means. In other words, we must discover the legislative intent from what it said, rather than from what it might have said. It is true, however, that it is proper to resort to legislative history of an Act when its meaning is doubtful. Spencer Publishing Co. v. City of Spencer, 250 Iowa 47, 53, 92 N.W.2d 633, 636. But the plain meaning of a statute cannot be affected by resort to its legislative history. 82 C. J. S., Statutes, section 355, page 751. The explanation says only that the purpose of the Act is to authorize cities and towns to contract for the joint use of a sanitary system whether or not they meet all the conditions laid down in the basic statute. This may mean no more than that the legislature intended to permit cities and towns near but not adjoining each other to contract, subject to the other conditions; and this view is strengthened by the consideration that if it had been the intent of the legislature to give unrestricted rights to "adjacent" cities, which we have pointed out includes those "adjoining", it would have repealed the existing Act entirely and outright rather than by attempting to void it by a repugnant proviso.

■ IX. Whether the legislature intended to give to cities and towns the broad powers contended for by the defendants here we do not know; in any event it did not so enact. There seems no reason apparent on the face of the situation why they should not be empowered to contract as these cities have done; but since they have only the powers granted by the legislature, and it has not given them, we must deny the right. It may be an instance of a casus omissus; but we have no right to supply the defect. To do so would be to legislate, an assumption by this

court of the prerogatives of the legislative department. We have no right to legislate under the guise of interpretation, no matter how desirable the result thereby achieved may appear to be.

X. A substantial part of the arguments is devoted to the proposed methods of financing the sewer systems and plant which the contract contemplates. These are also challenged by the plaintiffs. However, since we have concluded the contract itself is void, we do not decide these questions. To do so would be to give an advisory opinion, and would be merely obiter dictum.

The decree of the trial court is reversed and the cause remanded for judgment in accordance with this opinion.—Reversed and remanded.

LARSON, C. J., and GARFIELD, GARRETT, HAYS, PETERSON, and THORNTON, JJ., concur.

OLIVER, J., not sitting.