**Alex FROST and Mary Joy Frost, Appellants,**

v.

**CEDAR COUNTY BOARD OF SUPERVISORS, Acting for and In Behalf of Cedar County, Appellee.**

No. 53158.

Supreme Court of Iowa.

Dec. 10, 1968.

Norton, McClintock & Freese, Lowden, for appellants.

Max R. Werling, Tipton, County Atty., for appellee.

MOORE, Justice.

The sole question on this appeal is whether attorney fees are allowable in county condemnation proceedings instituted under section 306.21 et seq., Code, 1966, when the amount of damages is increased on appeal to the district court. The trial court denied plaintiffs' motion for such an allowance. Plaintiffs have appealed. We affirm.

The facts are not in dispute. Defendant County caused 0.731 acres of plaintiffs' land to be condemned for the purpose of constructing shoulders on the secondary road adjacent to plaintiffs' farm. On plaintiffs' appeal the district court jury fixed the award at $4000 which was a substantial increase of the amount determined by the appraisers.

I. Section 306.21 authorizes boards of supervisors on their own motion to change any secondary road in the county including widening thereof. Section 306.22 provides if the board and the landowners are unable to agree on the amount to be paid for the land for such road improvement then the board shall select one appraiser, the owner shall select one appraiser and these two shall select a third. Section 306.25 requires the appraisers to take an oath before the county auditor and to assess the damages and make a written report thereof to the board of supervisors. Section 306.-26, 306.27 and 306.28 provide for hearing on objections by interested parties and awarding of the amount of damages by the board to claimants for land to be taken.

Section 306.29 provides: "Appeals. Claimants for damages may appeal to the district court from the award of damages in the manner and time for taking appeals from the orders establishing highways generally."

Code section 472.1 states: "Procedure provided. The procedure for the condemnation of private property for works of internal improvement, and for other public uses and purposes, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter."

Under the provisions of chapter 472, Code, 1966, the procedure under eminent domain requires appointment of a commission of six freeholders to assess damages for land to be taken. The appointment of the commissioners is made by the sheriff of the county where the land is located in all such condemnations except when the damages are payable out of the state trea-

sury in which event the Chief Justice of this court makes the appointment. Following hearing the commission's written appraisement and award of damages is filed with the sheriff.

Section 472.18 et seq., provides in detail the manner and time for appeal to the district court by land owners who are not satisfied with the commission's award.

Section 472.33 provides: "Costs and attorney fees. The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Plaintiffs-appellants argue the provisions of section 472.33 are applicable to taking of land under section 306.21 et seq. In other words plaintiffs claim attorney fees should be allowed as part of the costs when the amount of the award is increased on appeal to the district court. Defendant-appellee's position is that the reference in section 306.29 relates only to time and manner of taking appeals from orders establishing highways generally. We agree. The method of taking land for limited purposes under chapter 306 is vastly different than that provided by the legislature under chapter 472.

■ II. The right to recover attorney fees as part of the costs of litigation does not exist at common law and such fees are not allowable in the absence of statute or of some agreement expressly authorizing taxing attorney fees in addition to the statutory costs. Harris v. Short, 253 Iowa 1206, 1208–1210, 115 N.W.2d 865, 866, 867; Thorn v. Kelley, 257 Iowa 719, 726, 134 N.W.2d 545, 548; Englund v. Younker Brothers, Inc., 259 Iowa 48, 51, 142 N.W. 2d 530, 531; 20 C.J.S. Costs § 218a; 20 Am.Jur.2d, Costs, section 72.

We have followed this rule in many condemnation cases. In Wormely v. Mason City & Ft. D. R'y Co., 120 Iowa 684, 685, 95 N.W. 203, we say: "As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. * * * When taxed as costs, it is by reason of some special statutory provision. In order that they be so taxed, the case must come clearly within the terms of the statute."

■ In Jones v. School Board, 140 Iowa 179, 118 N.W. 265, land was condemned for school purposes. On appeal to the district court the award was increased and plaintiff filed a motion for allowance of attorney fees. The statute under which condemnation was made contained no provision for payment of attorney fees. It did provide that "either party may appeal to the district court by giving notice thereof, as in case of taking private property for works of internal improvement." The statute referred to contained a provision for payment of attorney fees in event the award was enlarged on appeal. In affirming the trial court's refusal to allow attorney fees we said at page 181, 140 Iowa, pages 265, 266, 118 N.W.: "This points out only the method of taking the appeal. * * It is the rule in this state that attorney's fees are not taxable as costs against the opposite party, except by express statutory provision."

■ In Nichol v. Neighbour, 202 Iowa 406, 210 N.W. 281, the facts and code sections involved are almost identical with the case at bar. We therein state the reference to "in the manner and time for taking appeals from the orders establishing highways generally" says nothing, in express language, about the method of procedure after appeal is taken. After quoting our Wormely and Jones cases we affirmed the trial court's refusal to allow attorney fees.

III. Plaintiffs-appellants point out that in section 472.33 the term tribunal is used rather than commissioners and assert the legislature intended this section to cover all condemnation proceedings whether under section 306.21 et seq., or the general emi-

nent domain provisions of the Code. The same wording was in the statute construed in Nichol v. Neighbour, supra. They seek a strained construction of the statute in an effort to show an expressed statutory provision for allowance of attorney fees. We, find no merit in this contention.

The ruling and order of the trial court is right.

Affirmed.

All Justices concur.