RIVER BEND FARMS, INC., Appellant,

v.

M & P MISSOURI RIVER LEVEE DIS-
TRICT: the Board of Supervisors of
Pottawattamie County, Iowa, Namely:
Wayne Rodenburg, Elliott Butler, Ar-
lene Steege, Hubert Houser and Donald
Smith, and the Board of Supervisors of
Mills County, Iowa, Namely: Walter A.
Marshall, Creighton Miller, and Virgil
W. Curtis; acting for and on behalf of
the M & P Missouri River Levee Dis-
trict, Appellees.

No. 67149.

Supreme Court of Iowa.

Sept. 29, 1982.

Steven H. Krohn of Smith, Peterson,
Beckman & Willson, Council Bluffs, for ap-
pellant.

Jay W. Longinaker and Gene Eaton of
Eaton, Eaton & Longinaker, Sidney, for
appellees.

REYNOLDSON, Chief Justice.

Plaintiff River Bend Farms, Inc. (RBF),
appeals from a district court order disallow-
ing its application for attorney fees in a
proceeding that condemned 20.62 acres of
its land for levee district purposes. We
reverse and remand with directions.

Defendant M & P Missouri River Levee
District is an intercounty levee district in-
cluding land in Mills and Pottawattamie
Counties along the Missouri River. Defend-
ant boards of supervisors of the two coun-
ties act as the joint board of the levee
district. Levee districts are created and
governed by Iowa Code chapter 455 if they
are within one county and chapter 457 if in
two or more counties. Section 457.28
makes the relevant provisions of chapter
455 applicable to intercounty districts.
These two chapters prescribe the procedure
for formation of a levee district, taking of
necessary right of way, and for construction
and operation of the levee improvement.

In this condemnation the levee district
board awarded RBF $25,933 in damages.

RBF appealed to the district court. On the morning of trial the board settled the appeal for $131,250. The settlement agreement provided that

> [p]laintiff [RBF] will make application to the Court for allowance of its attorney's fees and other costs. This issue will be resolved by further proceedings before the Court.

RBF filed an extensively documented application for $15,000 in attorney fees. District court denied the application because the case did not go to trial and because the settlement agreement included no specific authorization for an award of attorney fees. Thus the court did not reach the issue of the amount of reasonable attorney fees incurred by RBF.

I. We cannot concur in the reasons assigned by district court for rejecting RBF's claim for attorney fees. In an early decision interpreting the predecessor to present Iowa Code section 472.33, this court held a trial was not a prerequisite for taxation of an owner's attorney fees. *Heath v. Mason City & Fort Dodge R. Co.,* 94 N.W. 467 (Iowa 1903). In this appeal the district's brief concedes "that the allowability of Plaintiff's attorney's fees is not dependent upon whether the damages were determined by a District Court jury or arrived at by agreement of the parties in settlement prior to trial."

Although RBF suggests the settlement agreement, incorporated in an order, left only the amount of the attorney fees for court determination, we agree with the district that the "issue" referred to in the agreement was whether attorney fees were allowable, not the amount to be awarded. We therefore must address the issue whether the owner RBF may recover reasonable fees for the services of its attorneys in a district court appeal to secure just compensation for the taking of its property.

II. The district insists the issue before us is controlled by Iowa Code section 455.104, which provides that "[u]nless the result on the appeal is more favorable to the appellant than the action of the board, all the costs of the appeal shall be taxed to the appellant, but if more favorable, the cost shall be taxed to the appellees."

RBF contends the issue is controlled by a provision of the Iowa Code chapter entitled, "Procedure Under Power of Eminent Domain," section 472.33, which in relevant part provides:

> The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken.

 It is true, of course, that ordinarily attorney fees were not recoverable as part of the costs at common law, and generally not allowable in absence of statute. *Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d 510, 513 (Iowa 1978). *But see Peel v. Burk,* 197 N.W.2d 617, 620–22 (Iowa 1972) (Reynoldson, J., dissenting). This, however, does not mean that today statutes that *do* provide for attorney fees are to be construed strictly as in derogation of common law. Iowa Code section 4.2 states:

> The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice.

*See Pearson v. Robinson,* 318 N.W.2d 188, 191 (Iowa 1982) (refusing to follow United States district court decision strictly construing Iowa statute); *Compiano v. Kuntz,* 226 N.W.2d 245, 245 (Iowa 1975); *Stotler v. Lutheran Social Service of Iowa,* 209 N.W.2d 121, 124 (Iowa 1973).

Our Iowa Constitution identifies "acquiring, possessing and protecting property" as one of our inalienable rights. Iowa Const. art. I, § 1. In *City of Des Moines v. Geller Glass & Upholstery,* 319 N.W.2d 239, 241 (Iowa 1982), we identified Iowa Constitution article I, section 18 as the "basic law" governing the exercise of the eminent domain power, quoting its provision that "[p]rivate property shall not be taken for

public use without just compensation first being made." We there said "Chapter 472 'Procedure Under Power of Eminent Domain,' governs the procedure to be followed in condemnation proceedings and helps to protect 'the citizen in the quiet and proper enjoyment of his property.'" *Id.* at 242 (quoting *Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d at 516).

Where, as here, we implement such basic and vital constitutional rights, and seek to achieve the "justice" referred to in section 4.2, we should not strictly construe statutes that allow recovery of attorney fees merely to maintain the common-law rule. We believe the statutes here under scrutiny can be deployed fairly to provide complete justice to an owner whose property is being involuntarily taken, first by assuring that reimbursement of attorney fees does not turn on the happenstance of the public purpose for which the property was taken (e.g., levee, airport, highway, railroad); and second, by permitting him or her to receive its market value undiminished by expenses necessarily incurred to obtain a fair result.

In this case there is an available statute, Iowa Code section 472.33 (1979), that requires the condemnor to pay attorney fees as part of the costs, if we may properly construe it to apply.

 We first look to section 472.1, which states the provisions of chapter 472 apply to "the condemnation of private property for works of internal improvement . . . unless and except as otherwise provided by law." The legislature's intent that chapter 472 provisions apply in this condemnation is made plain by the fact it felt required to create an exception in one situation. Section 472.26 ("Dispossession of owner") provides:

> This *section* shall not apply to condemnation proceedings for drainage or *levee* improvements, or for public school purposes.

(Emphasis added.) The general rule is that exception of a particular thing from the

operation of a statute indicates that in the enacting legislature's opinion, the excepted matter would have been within the purview of the general provision, absent the exception. *State v. Wanrow,* 88 Wash.2d 221, 227–29, 559 P.2d 548, 552–53 (1977); *see Iowa Farmers Purchasing Association, Inc. v. Huff,* 260 N.W.2d 824, 827 (Iowa 1977); *Kane v. City of Marion,* 251 Iowa 1157, 1161–62, 104 N.W.2d 626, 629 (1960); 2A C. Sands, *Sutherland Statutory Construction* § 47.11 (4th ed. 1973). An exception, of course, is generally considered a limitation only upon the statutory matter which immediately precedes it. *Loof v. Rural Mutual Casualty Insurance Co.,* 14 Wis.2d 512, 516, 111 N.W.2d 583, 586 (1961); 2A C. Sands, *Sutherland Statutory Construction* § 47.11 (4th ed. 1973). Thus the section 472.26 exception dictates the commonsense conclusion that the balance of chapter 472 "unless and except as otherwise provided by law" (section 472.1) applies to the situation before us.

Nor do we believe the legislature engrafted the section 472.23 exception because that was the only provision of chapter 472 that was not "otherwise provided by law." For example, the provisions of section 472.14 relating to allowances for personal property damaged, destroyed, or reduced in value, and to expenses for removing personal property, have constitutional roots and surely would be implicated in a condemnation for levee purposes. *See Forst v. Sioux City,* 209 N.W.2d 5, 7–8 (Iowa 1973); *Wilkes v. Iowa State Highway Commission,* 172 N.W.2d 790, 794–96 (Iowa 1969).

We find the same intent is manifest in the legislature's reference in section 472.33 ("Costs and attorney fees") to the "tribunal" from which an appeal was taken. Prior procedural sections in chapter 472 refer to the "compensation commission" and "commissioners." There was no reason for the legislature to select and change to the broad term "tribunal" unless it intended a reference to other condemning bodies, including a levee district board.[1]

---

1. This concept was rejected without meaningful consideration in *Frost v. Cedar County*

*Board of Supervisors,* 163 N.W.2d 432, 434

This court adopted the view that chapter 472 applies in condemnations of property by levee and drainage districts in *Harris v. Green Bay Levee and Drainage District No. 2,* 246 Iowa 416, 418–19, 68 N.W.2d 69, 70 (1955), where it wrote:

> Chapter 455, Iowa Code 1950 . . . under which defendant levee and drainage district is organized is not primarily an eminent domain or condemnation statute. It and chapters 456 and 468 deal more especially with the organization and operation of drainage districts and only incidentally with the procedure to be followed in the condemnation of private property for drainage purposes.

> For the rules relating to the actual process of taking private property for public use chapter 472 of said Code is applicable "unless and except as otherwise provided by law." Code section 472.1, I.C.A.

Section 472.33 defines "costs occasioned by the appeal" to include attorney fees. No provision in chapter 457 ("Intercounty Levee or Drainage Districts") involves costs of appeal. Section 455.104 does not define "all costs of the appeal." Neither does any other section in chapter 455. It cannot fairly be said, liberally viewing the statutes together, that section 455.104 "otherwise [provides] by law" something different from the definitive provisions of section 472.33. The section 472.33 definition of costs controls in this condemnation appeal because a levee district board is a "tribunal" referred to in that section. Section 472.33 controls even though chapters 455 and 457 do not refer to chapter 472. *See Harris,* 246 Iowa at 418–19, 68 N.W.2d at 70. It is enough that section 472.1 makes the provisions of chapter 472 applicable to all condemnations except in instances where other statutes conflict.

III. Although this question has not heretofore been presented to this court, the district relies on several of our decisions it contends are analogous.

In *Frost v. Cedar County Board of Supervisors,* 163 N.W.2d 432 (Iowa 1968), this

court was concerned with chapters 306 and 472 of the 1966 Code, and the condemnation of land to widen a secondary road. Therefore section 306.29 controlled the appeal to the district court:

> Claimants for damages may appeal to the district court from the award of damages in *the manner and time* for taking appeals from the orders establishing highways generally.

(Emphasis added.) The *Frost* court found no link between the section 306.29 reference to proceedings to establish "highways generally," and chapter 472 because it inadvertently overlooked section 306.13, which in relevant part provides:

> *Proceedings for the condemnation of land for any highway shall be under the provisions of chapter 471 and chapter 472 . . . .* Provided that, in the condemnation of right of way for secondary roads, the board of supervisors may proceed as provided in sections 306.22 to 306.31, both inclusive.

(Emphasis added.) Sections 306.22 to 306.31 of the 1966 Code do not refer to court costs. Therefore, the provisions of section 472.33 should have controlled in *Frost.* That the court did not consider the impact of section 306.13 is understandable. An examination of the skimpy briefs filed in *Frost* discloses that it was cited by neither party.

Had the *Frost* court been alerted to section 306.13, its decision would have been controlled by *Mellichar v. Iowa City,* 116 Iowa 390, 90 N.W. 86 (1902). The *Mellichar* court, confronted with comparable statutes, reached the opposite result in a case involving a city's condemnation of land for cemetery purposes. The applicable Code of 1897 contained the equivalent of section 306.13 in the 1966 Code.

> Sec. 884. *Proceedings for condemnation.* Proceedings for condemnation of land as contemplated in this title shall be in accordance with the provisions relating to taking private property for works of internal improvement . . . .

(Iowa 1968). We analyze the *Frost* decision in division III.

Iowa Code § 884 (1897). The statutory equivalent of section 472.33 in the 1966 Code was section 2007:

> Sec. 2007. *Costs.* The corporation shall pay all the costs of the assessments made by the commissioners and those occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the commissioners.

Iowa Code § 2007 (1897). The *Mellichar* court applied section 2007 to tax as costs the owners' attorney fees on appeal, even though the condemnation had been abandoned. Counsel in *Frost,* unaware of the provisions of Code section 306.13 (1966), did not cite *Mellichar* to the court, nor is it considered in *Frost.* The district's reliance on *Frost* is misplaced and any language in that decision inconsistent with this opinion should not be cited as authoritative.

*Jones v. School Board,* 140 Iowa 179, 118 N.W. 265 (1908), relied on by the district, also rests on an unstable statutory foundation. It follows the strict statutory construction doctrine abrogated by the legislature in Iowa Code section 4.2. Further, *Jones* was decided before section 472.1 became law. *See Nichol v. Neighbour,* 202 Iowa 406, 406–07, 210 N.W. 281, 281 (1926). We are not convinced that *Jones* furnishes meaningful support for the district's position.

Finally, the district cites *Nichol v. Neighbour,* again without sufficient consideration of subsequent statutory changes. In *Nichol,* as in *Frost,* the owner was seeking attorney fees from a county in a road relocation condemnation case. Applicable Code section 4617 (1924) stated:

> Claimants for damages may appeal to the district court from the award of damages in the manner and time for taking appeals from the orders establishing highways generally.

This provision is identical to Code section 306.29 (1966), construed in *Frost.* However, the general procedures at the time of *Nichol* were controlled by Code section 4597 (1924), which was substantially different than previously quoted Code section 306.13 (1966). Section 4597 provided:

> Any applicant for damages caused by the establishment or alteration of any road may appeal from the final decision of the board to the district court of the county in which the land lies, notice of which appeal must be served on the county auditor within twenty days after the decision is made. If the road has been established or altered on condition that the petitioners therefor pay the damages, such notice shall be served on the four persons first named in the petition, if there be that many residing in the county, in the manner in which an original notice may be served.

This provision evolved into Code section 306.38 (1950). It was repealed in 1951. 1951 Iowa Acts ch. 103, § 1. The same legislative action then adopted the predecessor of section 306.13, quoted in the *Frost* discussion, above. *See id.* § 14.

*Nichol* should have been distinguished, and not relied on, in *Frost.* In any event, *Nichol* is even less germane here because its statutory underpinnings differ from our current statutes.

In summary, the *Frost* decision cannot be relied on as authority because it did not take into consideration a controlling statute and the prior *Mellichar* decision. The *Jones* and *Nichol* decisions are distinguishable. The rule that attorney fees are not recoverable absent a contract or statute does not control here. Section 472.33 applies as mandated by section 472.1 because there is no contravening definition of costs of appeal in either chapter 455 or 457.

We reverse and remand with directions to the district court to fix and assess costs, including attorney fees, pursuant to section 472.33.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except McGIVERIN and UHLENHOPP, JJ., who dissent and CARTER, J., who takes no part.

McGIVERIN, Justice (dissenting).

I respectfully dissent. I would affirm the result reached by the trial court.

Plaintiff River Bend Farms, Inc., (RBF) contends that section 472.33, The Code, (attorney fees on appeal in eminent domain cases) applies to appeals pursuant to section 455.93, The Code (appeals in drainage and levee district cases) on the basis that chapter 472 provides the procedures for chapter 455 actions.

The contention of RBF necessitates an analysis of sections 455.104 and 472.33, The Code. Section 455.104 provides, in regard to appeals from levee district damage awards to the district court: "Unless the result on the appeal is more favorable to the appellant than the action of the board, all costs of the appeal shall be taxed to the appellant, but if more favorable, the cost shall be taxed to the appellees." Section 472.33 provides in regard to the analogous appeal from the eminent domain compensation commission award to the district court: "The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

RBF essentially asserts that since section 455.104 does not expressly provide for attorney fees, section 472.33, which does allow for such fees, can be applied to chapter 455 appeals by virtue of section 472.1, which provides: "The procedure for the condemnation of private property for works of internal improvement, and for other public uses and purposes, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter." In other words, plaintiff urges us to find that chapter 455 does not provide a specific procedure excepted from the general eminent domain procedure of chapter 472, at least in regard to costs and attorney fees on appeal. This I cannot do.

"The general rule is that attorney's fees are not allowable in the absence of statute or an agreement by the party to be charged." *Smith v. Board of Supervisors of Des Moines County,* 320 N.W.2d 589, 593 (Iowa 1982) (citing *Frost v. Cedar County Board of Supervisors,* 163 N.W.2d 432 (Iowa 1968)); *Id.* at 434 ("The right to recover attorney fees as part of the costs of litigation does not exist at common law and such fees are not allowable in the absence of statute . . ."); *Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d 510, 513 (Iowa 1978) ("Ordinarily attorney fees are not recoverable as costs unless explicitly provided for by statute."); *City of Ottumwa v. Taylor,* 251 Iowa 618, 622, 102 N.W.2d 376, 378 (1960); 30 C.J.S. *Eminent Domain* § 386 at 442–43 (1965); *see also Summit Valley Industries v. Local 112, United Brotherhood of Carpenters and Joiners of America,* —— U.S. ——, ——, 102 S.Ct. 2112, 2114, 72 L.Ed.2d 511, 515 (1982) ("Under the American Rule it is well-established that attorney's fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.' "). "At common law court costs were not allowed under that name. They are now taxable only to the extent provided by statute. Such statutes are generally strictly construed as in derogation of the common law." *Taylor,* 251 Iowa at 621, 102 N.W.2d at 378.

In past cases we have repeatedly used an approach of strict construction to deny claims for attorney fee awards in condemnation cases outside of the general eminent domain procedure. In *Frost v. Cedar County Board of Supervisors,* 163 N.W.2d 432 (Iowa 1968), we faced the question of whether section 472.33 applied to county condemnation proceedings instituted under sections 306.21–.29, The Code (1966) (improvement of secondary roads), so as to allow attorney fees when the amount of damages was increased on appeal to district court. *Id.* at 433–34. We found that section 306.29, The Code (1966) ("Appeals. Claimants for damages may appeal to the district court from the award of damages in the manner and time for taking appeals from the orders establishing highways generally"), did not support application of section 472.33 to chapter 306 condemnation

proceedings. *Id.* We then reasoned that section 306.29 related "only to time and manner of taking appeals from orders establishing highways generally" and was not sufficiently specific authorization for the taxing of attorney's fees in chapter 306 condemnations. *Id.* at 434. Contrary to the majority's statement, there is no indication the *Frost* court itself overlooked section 306.13, The Code (1966), or that the outcome of the case would have been different had that statute been discussed by that court.

In *Nichol v. Neighbour,* 202 Iowa 406, 210 N.W. 281 (1926), the condemnee urged application of section 7852, The Code (1924), which allowed taxation of attorney's fees as costs, to appeals from awards of damages in proceedings to relocate highways under section 4617, The Code (1924). Section 4617 provided for appeal "in the manner and time for taking appeals from the orders establishing highways generally." Section 4601 provided for the award of costs in highway relocation appeals. *Id.* at 407, 210 N.W. at 282. We found no express statutory authorization for taxation of attorney fees as costs under section 4617 and denied recovery. *Id.* at 408, 210 N.W. at 282.

Similarly, in *Jones v. School Board of Liberty Township,* 140 Iowa 179, 118 N.W. 265 (1908), the issue arose as to the availability of attorney's fees on appeal of proceedings for the condemnation of land for school district purposes under section 2815, The Code (1897). We declined to adopt the provisions of section 2007, The Code (1897), which would have permitted taxation of attorney's fees as part of the costs of the appeal to the district court, to the section 2815 appeal. *Id.* at 182, 118 N.W. at 266. Section 2815, The Code (1897), provided: "From the assessment so made, either party may appeal to the district court by giving notice thereof, as in case of taking private property for works of internal improvement within twenty days after receiving notice of the award made." In reaching our holding that no attorney's fees were available for the section 2815 appeal, we made the following statements which apply with equal force and persuasion to the present case:

[S]ection 2815, under which the proceedings in the case at bar were had, is quite complete in and of itself. It provides a method of proceedings somewhat different from the other chapter of the Code . . . .

Section 2815 does not, in terms, adopt the "provisions" of any other section, or group of sections. Section 2007 relates wholly to the subject of costs, and it provides that reasonable attorney fees are to be included as part thereof. Section 2815 has its own provisions concerning costs, and they are substantially the same as the provisions of section 2007, except as to the item of attorney's fees. *If the proceedings were to be controlled by section 2007, then it was quite useless to deal with the subject of costs in section 2815.*

*Id.* at 181, 118 N.W. at 265–66 (emphasis supplied).

*Frost, Nichol* and *Jones* refused to expand the general condemnation procedure award of attorney fees into special condemnation procedures. The same approach and result is even more appropriate in our analysis of section 455.104, The Code, because that section makes no reference to adoption of appeal procedure as in other condemnation cases.

*Harris v. Green Bay Levee and Drainage District No. 2,* 246 Iowa 416, 418–19, 68 N.W.2d 69, 70 (1955), cited by the majority, only states the obvious—that chapter 472 applies as to condemnation procedure "unless and except as otherwise provided by law." Chapters 455 and 457 provide otherwise. They cover the procedure for taking land and awarding compensation in a levee district and also outline in meticulous detail the procedure for appeals to the district court. §§ 455.92–.108, The Code. Section 455.104 covers costs on appeal and the legislature specifically did not provide that attorney fees be a part of those costs to be paid by the levee district taxpayers. As stated in *Jones,* 140 Iowa at 181, 118 N.W. at 265–66, it would be useless for the legislature in the specific chapter on levee dis-

tricts, to deal with costs on appeal in section 455.104 if the general condemnation chapter —472—and its costs section—472.33—were to apply.

A comparison of sections 472.33 and 455.-104 leads me to the conclusion that the legislature knows how to provide for allowance of attorney's fees when that result is intended but chose not to allow such awards in proceedings under chapters 457 and 455. *See Walters v. Bartel,* 254 N.W.2d 321, 323 (Iowa 1977). RBF has sought a "strained construction of the statute in an effort to show an expressed statutory provision for allowance of attorney fees." *Frost,* 163 N.W.2d at 435. I find no merit in RBF's contention and would hold that attorney's fees are not taxable as costs under section 455.104, and that section 472.33 does not apply here. Although trial court relied upon a different ground to deny plaintiff's claim for attorney's fees, I would affirm that denial. *Citizens First National Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980).

UHLENHOPP, J., joins in this dissent.