HELEN PAINE HARRIS, appellant, v. JAMES F. SHORT (known also as Fred Short), appellee, and D. W. HARRIS, defendant to cross-petition, appellant.

No. 50388.

JUNE 12, 1962.

James McGrath, of Keosauqua, for appellants.

Bailey C. Webber, of Ottumwa, for appellee.

MOORE, J.—On June 22, 1960, plaintiff filed her action in forcible entry and detainer based on a claimed forfeiture of real-estate contract of which notice was served January 4, 1960. Defendant's answer alleged waiver of the strict terms of the notice by acceptance of part payment during the 30-day forfeiture period and also estoppel. Defendant's cross-petition against plaintiff and her husband, D. W. Harris, alleged plaintiff's actions through her agent, D. W. Harris, were fraudulent and intentionally calculated to mislead the defendant into believing the forfeiture would not be asserted and claimed damages therefor.

The trial court found in favor of defendant on the defense of waiver and estoppel and ordered defendant to pay $1100 owing on the real-estate contract. From this the court costs were to be first paid, then $500 to defendant's attorney and the balance to plaintiff.

The only issue on this appeal is the trial court's taxation of $500 attorney fees. The other questions have become moot by plaintiff's having served subsequent forfeiture notices and defendant's payment thereunder.

Plaintiff acted at all times through her husband and agent, D. W. Harris. After a quieting-title action, she entered into a contract with defendant to sell him 320 acres of farm land in Van Buren County on which he had lived 17 years. Plaintiff's notice of forfeiture served on defendant on January 4, 1960, was based on his failure to pay $1000 on the principal and $1633.33 on interest December 31, 1959. On January 30, 1960, defendant paid $1600 to the secretary of D. W. Harris and returned on either February 1 or 3 to inquire about the balance owing. There is a sharp conflict as to what was said and done at that time and subsequent thereto.

It is established without dispute defendant continued in pos-

session of the farm and negotiations took place between plaintiff's agent and defendant's attorney regarding the contract and payment of the balance owing which had been deposited by defendant with his attorney. It further appears defendant was permitted to put in the 1960 crops and was not served with a three-day notice to quit until June 14, 1960. The trial court found plaintiff should be estopped from asserting the claimed forfeiture.

The court made no findings or conclusions as to the matters asserted in defendant's cross-petition and no evidence was offered on which to base a finding in favor of defendant on his cross-petition.

The trial court in his findings and conclusions said:

"The record shows without dispute that defendant has incurred certain costs in this litigation and under all the circumstances he is entitled to reasonable recovery thereon."

No other explanation was made regarding the allowance of fees for defendant's attorney.

The general rule as to an award of attorney fees is stated in 25 C. J. S., Damages, section 50, page 531, as follows:

"Generally, there can be no recovery as damages of the expenses of litigation and attorneys' fees unless authorized by statute or contract."

In 14 Am. Jur., Costs, section 63, page 38, the rule is thus stated:

"The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such an item of expense is not allowable in the absence of a statute or of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory costs. This rule is not changed by the fact that fraudulent or malicious acts are disclosed, although in certain circumstances fraud or malice may furnish a basis for the recovery of the expenses of litigation, including counsel fees, as an element of damages. * * *

"The term 'costs' or 'expenses' as used in a statute is not understood ordinarily to include attorneys' fees."

This court has followed the general rule in many cases. In Bull v. Keenan & Sons, 100 Iowa 144, 148, 69 N.W. 433, plaintiff successfully established that defendant had violated an agree-

ment not to file a confession of judgment. This resulted in expense to plaintiff in litigation to set aside the judgment entered on the confession. This court said:

"It is scarcely necessary to say that the plaintiff was not entitled to recover any of the items which he expended in this litigation. The rule in this state is that nothing aside from taxable costs can be recovered in an action. There is nothing in this case within any statutory exception to the rule."

Boardman v. Marshalltown Grocery Co., 105 Iowa 445, 451, 75 N.W. 343, was a stockholder action to compel a corporation to permit inspection of its stock records. In refusing to allow attorney fees incurred in the action we said:

"Liability for the taxable costs is ordinarily considered sufficient punishment for unfounded claim or meretricious defense. The items which appellant claims should be allowed him were incurred in the prosecution of his action, and in an attempt to secure to himself the advantage of a statutory right. The denial of this right did not in itself cause damage; at least, none is shown. The expense was incurred in an attempt to secure a right, and we know of no rule which will authorize the allowance of such items as damage in a case brought to secure it. If it be true that they are recoverable, then there is good reason for holding that attorney's fees, value of time lost, expenses in attending court, and kindred matters may be recovered or taxed in any civil action. If anything is well settled, it is that such items can neither be recovered nor taxed."

In Wormely v. Mason City & Fort Dodge Ry. Co., 120 Iowa 684, 685, 95 N.W. 203, this court said: "As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. * * * When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute."

City of Ottumwa v. Taylor, 251 Iowa 618, 622, 102 N.W.2d 376, again considered the law as to expenses and costs and said: "Substantially all authorities agree attorney fees are not taxable as costs unless specifically authorized by statute." Defendant's attorney in the present case was the successful attorney in the one last cited. See also Keeney v. Iowa Power & Light Co., 250

Iowa 887, 96 N.W.2d 918; Turner v. Zip Motors, Inc., 245 Iowa 1091, 65 N.W.2d 427, 45 A. L. R.2d 1174; Glatstein v. Grund, 243 Iowa 541, 51 N.W.2d 162, 36 A. L. R.2d 531; Addy v. Addy, 240 Iowa 255, 36 N.W.2d 352; Dallas v. Dallas, 222 Iowa 42, 268 N.W. 516.

█ Defendant contends the trial court had inherent power to tax attorney fees in this case. We think it is well settled in this and other jurisdictions that neither a court of law nor equity has inherent power to tax costs to the losing party in any action. The costs taxable in favor of the successful party and against the losing party are only such costs as are authorized by statute. Hensen v. Hensen, 212 Iowa 1226, 238 N.W. 83, and citations.

In an attempt to sustain the attorney fee allowance defendant contends plaintiff's action was brought without probable cause. We need not decide whether the bringing of an action without probable cause might be the basis for such an award in a given case. Defendant did not plead malice or want of probable cause and the evidence shows plaintiff believed she had a good cause of action.

In Kuiken v. Garrett, 243 Iowa 785, 798, 799, 51 N.W.2d 149, 157, 41 A. L. R.2d 1397, we said: "It is true that a landlord has a right to attempt to oust his tenant, if he thinks he has just grounds therefor; and in such case he is not to be held liable for damages if he fails."

██ When defendant offered testimony as to his expenses for attorney fees a timely objection was made that it was immaterial to any issues in the case and exceptions were granted to the court's allowance of attorney fees in the decree. To raise the issue further before the trial court was unnecessary. We hold the issue of the attorney fee award is properly before us and must be determined. It is our conclusion the attorney fee award was improper. On that issue this case is—Reversed and remanded.

All JUSTICES concur.