Donald W. SMITH, Former Clerk of Des Moines District Court, Appellant,

and

Myranell Dockendorf, Auditor of Des Moines County, Intervenor-Appellant,

v.

BOARD OF SUPERVISORS OF DES MOINES COUNTY; Robert Christensen, Supervisor; Merle L. Kelly, Supervisor; and Richard A. Lewis, Supervisor, Appellees.

No. 65621.

Supreme Court of Iowa.

June 16, 1982.

Rehearing Denied July 15, 1982.

David A. Hirsch of Edward W. Dailey Law Offices, Burlington, for appellant.

Steven S. Hoth, Des Moines County Atty., Burlington, for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

The defendant board of supervisors of Des Moines County adopted an ordinance creating procedures for the centralized purchase of supplies by county officials. The ordinance required officials to make recommendations to a central-purchasing director concerning the nature, specifications, and quantity of needed supplies. It also provided that a violation of its terms would be a simple misdemeanor.

Plaintiff Donald Smith, who was then the clerk of the district court, filed a petition for declaratory judgment, Iowa R.Civ.P. 261, challenging the legality of the ordinance and asking that its enforcement be enjoined. Subsequently the sheriff, auditor, and treasurer intervened on the side of the plaintiff. The district court concluded (1) the ordinance did not violate the separation-of-powers doctrine; (2) article III, section 39A (1978) (the "home rule" amendment) does not violate article XII, section 1 (the supremacy clause) and was lawfully enacted under article X (amendment procedure) of the Constitution of Iowa (1857); and (3) the county officers were entitled to attorney's fees paid from county funds.

After the district court's ruling, the parties to the case changed. The sheriff and treasurer withdrew from the case, leaving only the auditor as an intervenor. Also, after his appeal was docketed, Smith was defeated in his bid for re-election. Smith, however, received permission from this court to remain a party to the appeal with the altered designation of "former clerk of court." With the auditor he now reasserts the argument that the ordinance was invalid; on cross-appeal the defendants challenge the award of attorney's fees and resist the clerk's and the auditor's application for appellate attorney's fees. We remand the case to the district court for dismissal of the declaratory-judgment action. We reverse on the cross-appeal.

I. *Standing.*

█ Smith is no longer the clerk of the district court, and his successor has declined to pursue the appeal. The ordinance, which applies only to acts of county officers, is thus inapplicable to Smith as clerk. He contends, however, that he still might be subjected to the ordinance's criminal sanctions for his acts during his official tenure. The enforcement of the ordinance had been held in abeyance by stipulation of the parties pending disposition of the declaratory-judgment action in district court. Since that time Smith has not been charged with a violation of the ordinance, and we judicially note the statute of limitations for an alleged violation expired one year after he left office. §§ 802.4, 802.6(2), The Code 1981. Accordingly, Smith has no continued interest in the validity of the ordinance except that shared by every other citizen, and his rights cannot be adversely affected by its enforcement. Without some showing that his rights are somehow specially affected, he lacks standing to challenge the validity of the ordinance. *See Vietnam Veterans Against the War v. Veterans Memorial Auditorium Commission,* 211 N.W.2d 333, 335 (Iowa 1973); *Lee Enterprises, Inc. v. Iowa State Tax Commission,* 162 N.W.2d 730, 740–41 (Iowa 1968); 16 Am.Jur.2d *Constitutional Law* § 188, at 583–84 (1979) (standing requires a showing that enforcement of the law would be an infringement on the assailant's rights; statute will not be struck down unless assailant actually aggrieved and prejudiced by its enforcement). Because Smith's constitutional challenge must fail for lack of standing, we do not address the issue whether the clerk is a part of the judicial branch of government and the related separation-of-powers issue.

II. *The constitutional challenges.*

█ Lack of standing of a principal party does not preclude an intervenor from continuing the action. *See State ex rel. Turner v. Iowa State Highway Commission,* 186 N.W.2d 141, 146–47 (Iowa 1971); *cf. Kintzel v. Wheatland Mutual Insurance Assn.,* 203 N.W.2d 799, 803 (Iowa 1973). The auditor's challenge under the Constitution of Iowa therefore remains. She claims the "home rule" amendment, under which the county board enacted the centralized-purchasing

ordinance, is invalid because it violates the supremacy clause and was not lawfully enacted as an amendment.

The home-rule amendment provides:

Counties or joint county-municipal corporation governments are granted home rule power and authority, *not inconsistent with the laws of the general assembly*, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the general assembly. The general assembly may provide for the creation and dissolution of joint county-municipal corporation governments. The general assembly may provide for the establishment of charters in county or joint county-municipal corporation governments.

If the power or authority of a county conflicts with the power and authority of a municipal corporation, the power and authority exercised by a municipal corporation shall prevail within its jurisdiction.

The proposition or rule of law that a county or joint county-municipal corporation government possesses and can exercise only those powers granted in express words is not a part of the law of this state.

(Emphasis added.) The auditor argues this amendment in effect subordinates itself to acts of the legislature and violates the supremacy clause by permitting exercises of authority by a county only if it is "not inconsistent with the laws of the general assembly." She also argues the amendment by virtue of its own terms allows it to be amended by statute, thus violating the constitutional-amendment procedure of article X. The legislature could effectively negate home rule by seizing, through statutes, powers granted to counties by the constitutional amendment. Accordingly, she concludes the ordinance is unconstitutional because it was enacted pursuant to a defective amendment, and the amendment itself is unconstitutional.

■ Preliminarily, we note that the constitutionality of a statute is presumed, § 4.4, The Code 1981; *see Amana Society v.*

*Colony Inn, Inc.*, 315 N.W.2d 101, 111 (Iowa 1982), and that, *a fortiori*, the same presumption is applied in construing constitutional amendments.

■ We do not believe the home-rule amendment is subject to either of the infirmities proposed by the auditor. It subordinates the acts of counties to those of the legislature, in case of a conflict; it does not, however, subordinate the amendment itself to such statutes. Rather than constituting a relinquishment of constitutional supremacy, we believe that the amendment logically and pragmatically avoids the chaos which would ensue if counties could usurp the powers of the legislature, and that the legislature was simply granted reasonable and appropriate control to override the counties' home-rule power in certain instances. This conclusion is supported by the fact that the amendment prohibited levying of taxes, except as expressly authorized by the legislature.

We also do not believe the home-rule amendment permits a de facto amendment through passage of inconsistent statutes, as claimed by the auditor. While it is true the legislature could preempt areas of legislation previously claimed by counties by merely passing a statute, and in effect, acquire powers granted by home rule, such a scenario is only imagined at this point. It is not even claimed here that the legislature has attempted a pro rata seizure of the power granted by home rule. In any event, even if the amendment permits de facto amendment in conflict with the article X procedure, we cannot conclude it is unconstitutional. These provisions would be considered repugnant to each other "only when they relate to the same subject, are adopted for the same purpose, and cannot be enforced without material and substantial conflict." 16 Am.Jur.2d *Constitutional Law* § 66, at 385 (1979). We believe article X, the original amendment article, and article III, section 39A, the home-rule article, fail the repugnancy test on all of those grounds: they do not purport to deal with the same subject matter, they were not adopted for the same purpose, and they can be enforced

without substantial conflict. Furthermore, if there is a conflict, the amendment will generally prevail on the basis it is the later expression of the will of the people. *Id.* § 66, at 385; § 103, at 442–44.

■ Finally, we note that the centralized-purchasing ordinance is not inconsistent with any statute. In fact, section 332.-10, The Code 1979, expressly requires the defendants to provide the county officers such needs:

> The board of supervisors shall also furnish each of said officers with fuel, lights, blanks, books, and stationery necessary and proper to enable them to discharge the duties of their respective offices, but nothing herein shall be construed to require said board to furnish any county attorney with law books or library.

We conclude the home-rule amendment and the ordinance under which it was enacted are not invalid on any of the grounds urged.

### III. *Attorney's fees.*

The district court ordered the county to pay the fees of the privately-retained attorney representing the clerk and the other county officers intervening with him. The court reasoned that section 336.2(6), The Code, which provides for representation of a county officer by the county attorney, implies that officers are entitled to representation by an attorney at the expense of the county. The county attorney, however, was apparently already committed to represent the board of supervisors, the defendants in this lawsuit. Under the circumstances, the court held, a private attorney must be furnished at county expense. Pursuant to that order, fees were paid over the defendants' objection. The defendants contend that there were other less expensive ways to resolve the legal issues, including an attorney general's opinion, and that these alternatives should have been tried first. Moreover, they claim, there is no right to recover attorney fees even if other alternatives were not available.

■ The general rule is that attorney's fees are not allowable in the absence of statute or an agreement by the party to be charged. *Frost v. Cedar County Board of Supervisors,* 163 N.W.2d 432, 434 (Iowa 1968); *Englund v. Younker Brothers, Inc.,* 259 Iowa 48, 51, 142 N.W.2d 530, 531 (1966); *Harris v. Short,* 253 Iowa 1206, 1208–10, 115 N.W.2d 865, 866–67 (1962). *Cf. Roeder v. Nolan,* 321 N.W.2d 1, 4 (Iowa 1982) (attorney's fees not allowable in granting continuance, at "cost" of movant under Iowa R.Civ.P. 184). Because it is not argued that it is provided for by statute or agreement of the parties, authority for the district court's allowance of fees in this case must rest upon the inherent power of the court to make such allowance. This basis for attorney's fees, however, was rejected in *Harris* :

> Defendant contends the trial court had inherent power to tax attorney fees in this case. We think it is well settled in this and other jurisdictions that neither a court of law nor equity has inherent powers to tax costs to the losing party in any action. The costs taxable in favor of the successful party and against the losing party are only such costs as are authorized by statute.

*Id.* at 1210, 115 N.W.2d at 867. *Accord,* 20 Am.Jur.2d *Costs* § 72.73, at 58–60 (1965); 20 C.J.S. *Costs* § 218, at 455–60 (1940).

■ The district court erred in allowing attorney's fees in this case, and we reverse on that issue. The clerk's and the auditor's claim for attorney's fees on this appeal must obviously be denied for the same reasons. The lack of a court's authority to allow such fees does not preclude county officers from obtaining representation at county expense under proper procedure. If, as these parties argued to the court, there is a right of representation of county officers for action arising out of their official duties, the remedy would be to request payment by the board of supervisors and, upon refusal, to proceed by district-court action aimed at forcing the board to perform its duty of furnishing counsel.

The case is remanded with instructions to dismiss the petition of the clerk. It is affirmed on the auditor's appeal and reversed on the cross-appeal by the board of supervisors.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.