In the Interest of R.S.N. and
R.M.N., Minor Children,

J.S. and T.S., Appellants.

No. 05–0016.

Supreme Court of Iowa.

Dec. 9, 2005.

Sally B. Frank, Drake University Legal Clinic, and Elizabeth Kellner–Nelson, Student Legal Intern, Des Moines, for appellants.

Jeffrey T. Mains of Mains Law Office, P.L.C., Des Moines, for appellee-mother.

Catherine Levine, Des Moines, for minor children.

WIGGINS, Justice.

The juvenile court taxed reasonable attorney fees and costs against the petitioners, the prevailing parties, in a private involuntary termination of parental rights action. Because there was no statutory authority or controlling appellate decision allowing for the juvenile court to assess reasonable attorney fees and costs against the petitioners, we reverse the judgment of the juvenile court. We, however, remand this case to the juvenile court to reconsider its decision in light of Iowa Code section 600A.6B (Supp. 2005), enacted during the pendency of this appeal.

## I. Background Facts and Proceedings.

T.S. and J.S. are the maternal grandparents and legal guardians of the minor children R.S.N. and R.M.N. The grandparents raised the children since infancy. In May 2004, the grandparents filed a petition to terminate the parental rights of the children's biological parents after they decided to adopt the children.

The biological mother, J.N.C., contested the termination and submitted an application for court-appointed counsel in June 2004. The juvenile court determined the mother was indigent and appointed an attorney to represent her in the proceeding. The juvenile court held the termination hearing in August 2004. The court found the mother never provided financial support for the children and made little effort to contact them. The court also found while R.S.N.'s biological father is unknown and R.M.N.'s biological father is known, both fathers abandoned the children. Even with these findings, the court denied the application to terminate the parental rights of the biological mother and the fathers, citing the failure of the grandparents to give the requisite notice to the fathers.

The mother filed a motion for enlarged findings and conclusions requesting the juvenile court to direct the state department of inspections and appeals to pay the attorney fees and costs the mother incurred and to tax the fees and costs to the grandparents as court costs. The grandparents responded by filing their own motion to amend the findings and rulings of the juvenile court contending they gave proper notice to the fathers. In their motion, the grandparents noted the court did not explain why it did not terminate the parental rights of the mother.

The mother submitted a partial resistance to the grandparents' motion. In her resistance, the mother stated she presumed the basis for not terminating her parental rights rested not on the court's inability to terminate the fathers' parental rights, but rather on a best interests inquiry. In October 2004, the juvenile court denied the mother's motion for attorney fees and costs because of the absence of a mechanism allowing the court to direct the state department of inspections and appeals to pay the mother's court-appointed attorney fees.

On October 28, 2004, the mother submitted a second motion for reasonable attorney fees and costs on the grounds she was the prevailing party. On November 3, 2004, the juvenile court issued an amended and substituted ruling and order reversing its prior decision by terminating the parental rights of the mother and fathers.

In the amended order, the court noted the children's fathers did receive notice of the termination proceeding and had abandoned the children, and the termination of the mother's parental rights was proper due to her continuing failure to provide parental support to the children.

On November 10, 2004, the grandparents filed a resistance to the mother's second motion asking for attorney fees and costs. In their resistance, the grandparents agreed some state agency should pay the mother's attorney fees, but argued the court does not have authority to require a petitioner in a private involuntary termination proceeding to pay a terminated parent's attorney fees. The grandparents also pointed out the mother was no longer the prevailing party after the juvenile court issued its amended and substituted ruling and order terminating the mother's parental rights.

On December 6, 2004, the juvenile court ordered the costs of the action, as well as reasonable attorney fees, taxed to the grandparents. The grandparents appealed the judgment taxing the costs of the action and reasonable attorney fees to them.

## II. Scope of Review.

■ The issue presented is whether the prevailing petitioners in a private involuntary termination of parental rights action may be required to pay the costs of the action and reasonable court-appointed attorney fees for an indigent respondent. The scope of review in termination of parental rights cases is ordinarily de novo. *In re R.E.K.F.*, 698 N.W.2d 147, 149 (Iowa 2005). However, to the extent the claim of error rests upon an interpretation of law, our review is for correction of errors at law. *Id.*; *see also In re Marriage of Seyler*, 559 N.W.2d 7, 8 (Iowa 1997) (stating "[q]uestions of the court's authority are reviewed for correction of errors at law").

## III. Analysis.

■ Iowa law provides for private termination of parental rights proceedings pursuant to Iowa Code chapter 600A (2003). On May 12, 2004, six days before the grandparents filed their termination petition, this court held "an indigent parent has a right to have an attorney appointed, at public expense, to help defend against an involuntary termination of parental rights brought under Iowa Code chapter 600A." *In re S.A.J.B.*, 679 N.W.2d 645, 646 (Iowa 2004). In so holding, we found the Iowa Constitution requires this result in cases where a private party brings a termination action because "the state is an integral part of the process in a 600A termination." *Id.* at 646, 650. The basis of the right to court-appointed counsel in such proceedings is to prevent discrimination by the state against indigent parents in private termination actions. *See id.* at 647–48, 650–51 (noting similarly situated parents in termination cases brought by the state under Iowa Code chapter 232 receive an attorney at public expense); Iowa Code § 232.113(1) (stating on the filing of a termination petition the parent has the right to counsel, and "[i]f the parent desires but is financially unable to employ counsel, the court shall appoint counsel").

The juvenile court acknowledged our *In re S.A.J.B.* decision in its denial of the mother's first motion for enlarged findings and conclusions when it stated:

[A]lthough the Iowa Supreme Court has ruled that a person has a right to counsel in private termination proceedings at state expense, if necessary, there is no mechanism by statute or otherwise which allows the court the authority to

direct the Iowa Department of Inspections and Appeals to pay the attorney fees of a person who is appointed counsel in these matters.

■ On appeal, the grandparents argue Iowa law does not permit a juvenile court to assess attorney fees against a party when there is no controlling appellate decision or statute allowing the court to assess attorney fees. "[I]t is well settled in this and other jurisdictions that neither a court of law nor equity has inherent power to tax costs [including attorney fees] to the losing party in any action." *Harris v. Short*, 253 Iowa 1206, 1210, 115 N.W.2d 865, 867 (1962).

■ We agree with the grandparents *In re S.A.J.B.* stands for the simple proposition that indigent parents facing termination proceedings enjoy a right to court-appointed counsel at *public expense*, just as their counterparts in termination cases brought by the state do. 679 N.W.2d at 646–47. *In re S.A.J.B.* is silent as to who is responsible for assuming the financial obligation of providing counsel to an indigent parent in a private termination action. Accordingly, *In re S.A.J.B.* did not authorize the juvenile court to order the grandparents to pay for the mother's court-appointed counsel.

We also agree with the grandparents that on December 6, 2004, when the juvenile court assessed the mother's attorney fees against the grandparents, there was no statutory authority permitting the court to do so. Only those costs or attorney fees authorized by statute are taxable. *Harris*, 253 Iowa at 1210, 115 N.W.2d at 867. Consequently, the juvenile court did not have authority to tax the attorney fees against the grandparents at the time it entered its order.

The grandparents also argue the court was without authority to assess the court

costs against them because the juvenile court's subsequent ruling and order granted the grandparents their application to terminate the parental rights of the biological mother and fathers. Our statutes provide "[c]osts shall be recovered by the successful [party] against the losing party." Iowa Code § 625.1. Therefore, the juvenile court did not have the authority to assess the costs of this action against the grandparents, the prevailing parties.

■ Normally, our analysis would cause us to reverse the judgment of the juvenile court and remand the case to enter judgment without assessing reasonable attorney fees and costs against the grandparents. In this case, however, we must consider the effect of Iowa Code section 600A.6B enacted May 4, 2005, forty-four days after the grandparents filed their final proof brief.

Section 600A.6B provides:

1. A person filing a petition for termination of parental rights under this chapter or the person on whose behalf the petition is filed shall be responsible for the payment of reasonable attorney fees for counsel appointed pursuant to section 600A.6A unless the court determines that the person filing the petition or the person on whose behalf the petition is filed is indigent.

2. If the person filing the petition or the person on whose behalf the petition is filed is indigent, the appointed attorney shall be paid reasonable attorney fees as determined by the state public defender.

3. The state public defender shall review all the claims submitted under this section and shall have the same authority with regard to the payment of these claims as the state public defender has with regard to claims submitted under chapters 13B and 815, including the au-

thority to adopt rules concerning the review and payment of claims submitted. Iowa Code § 600A.6B. The legislature provided this section with retroactive application back to May 12, 2004, the date we filed *In re S.A.J.B.* *Id.* 2005 Iowa Acts ch. 107, § 14. Neither the parties nor the juvenile court considered the effect of this amendment because the governor signed the bill enacting section 600A.6B during the pendency of this appeal, almost five months after the court entered the order assessing reasonable attorney fees and costs against the grandparents.

We have said:

"Trial courts must be afforded the opportunity to avoid or correct error in judicial proceedings. Similarly, appellate courts must be provided with an adequate record in reviewing errors purportedly committed during trial. This perforce requires that counsel make timely and sufficient motions or objections upon which trial judges may rule. Absent such actions, an appellate court has nothing to review."

*DeVoss v. State,* 648 N.W.2d 56, 60 (Iowa 2002) (citation omitted). We will not speculate as to the arguments the parties may have made to the juvenile court concerning the constitutionality or applicability of section 600A.6B to the present case. For this reason, we remand the case to the juvenile court to allow the parties to make their motions and arguments concerning section 600A.6B's applicability to the assessment of costs and attorney fees.

**IV. Disposition.**

Because there was no statutory authority or controlling appellate decision allowing the juvenile court to assess reasonable attorney fees and costs against the petitioners, we reverse the judgment of the juvenile court. It was, however, impossible for the juvenile court to consider the relevance of section 600A.6B to its award of reasonable attorney fees and costs. Accordingly, we remand this case to the juvenile court to consider section 600A.6B's applicability to this case. The juvenile court shall allow the parties to raise any issues they deem necessary in order for the court to determine if section 600A.6B has any effect on the award of reasonable attorney fees or costs in this action. We do not retain jurisdiction.

**REVERSED AND CASE REMANDED WITH DIRECTIONS.**