**In the Interest of E.J.C., Minor Child, R.C., Mother, Appellant.**

No. 07–0033.

Court of Appeals of Iowa.

March 14, 2007.

Scott Bandstra of Bandstra Law Firm, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine Miller–Todd, Assistant Attorney General, Steve Johnson, County Attorney, and James Cleverley, Assistant County Attorney, for appellee State.

Maria Ruhtenberg of Whitfield & Eddy, P.L.C., Des Moines, for minor child.

Considered by VOGEL, P.J., and VAITHESWARAN and EISENHAUER, JJ.

VOGEL, P.J.

Rosa appeals the district court's termination of her parental rights to her son,

Elijah.[1] Because Rosa requested, but was denied court-appointed counsel, we reverse and remand for rehearing.

**Background Facts and Proceedings.** In June 2005, Rosa's son Elijah, then just two months old, was removed from Rosa's care because of "threats by the mother that she leave with the child, the lack of care for the child and physical abuse to the child has occurred in the home." Elijah was adjudicated a child in need of assistance (CINA) in July under Iowa Code section 232.2(6)(n) (2005) (parent's mental capacity/condition or drug or alcohol abuse results in child not receiving adequate care). Because of her indigency, Rosa was represented by court-appointed legal counsel throughout the course of the CINA proceeding, including the permanency hearing on July 21, 2006. When the petition to terminate her parental rights was filed on October 27, 2006, Rosa was without counsel. It appears that Rosa did receive notice of the termination hearing, which stated that an application for appointed counsel should be made "immediately on a form available from the Clerk of Court or Juvenile Court Officer." Rosa waited and did not request court appointed counsel until the day before the scheduled termination hearing of December 7, 2006.[2] The district court took up the issue at the start of the hearing, acknowledged that it received the request the previous day, but denied appointment of counsel stating,

> It's impractical to try to appoint an attorney on the evening before a trial that's going to start the day after, so it looks like you just waited too long, [Rosa], to put in your application, so I

can certainly take that up, but it won't delay the hearing.

The hearing proceeded without Rosa having the benefit of legal representation, and the district court issued its order on December 27, terminating her parental rights.

■ **Scope of Review.** We review termination of parental rights cases de novo. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

**Right to Appointed Legal Counsel.** Under the Federal Constitution, the United States Supreme Court has held that there is no due process requirement that indigent parents be provided with appointed counsel in every termination proceeding. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640, 652 (1981), reh'g denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). Instead, the Court opined that courts should examine the circumstances of each case individually, as states may find such guarantees under their constitutions or state legislatures may have also created statutory rights in various instances. *Id.*, 452 U.S. at 31–34, 101 S.Ct. at 2162–63, 68 L.Ed.2d at 652–654, 657. Our Iowa legislature has created such a statutory right in section 232.113(1) (2005) which states:

> Upon the filing of a petition the parent identified in the petition shall have the right to counsel in connection with all subsequent hearings and proceedings. If the parent desires but is financially unable to employ counsel, the court shall appoint counsel.[3]

1. The putative father's parental rights were also terminated, but he does not appeal.

2. No application for court appointed counsel was made part of the record on appeal. However a later application was filed on December 18 after the hearing, made presum-

ably for purposes of appointment of counsel on appeal.

3. Our supreme court has recently reiterated an indigent parent's right to appointed counsel in involuntary termination proceedings, by providing the same right to private, involun-

Therefore, involuntary termination proceedings conducted pursuant to Iowa Code chapter 232 "call for the furnishing of an attorney at public expense when requested by indigent parties." *In re S.A.J.B.*, 679 N.W.2d 645, 647 (Iowa 2004) (citing *In re J.L.L.*, 414 N.W.2d 133, 134 (Iowa 1987); Iowa Code § 232.113(1)).

■ In denying Rosa court appointed counsel, the district court reasoned that her request, coming on the eve of trial, was simply made too late for the hearing to proceed as scheduled. While late filed requests can certainly hinder the efficiency of a busy court docket, we find it notable that section 232.113(1) does not set forth any time frame in which a request for court appointed counsel must be made. Therefore, while Rosa should have been more attentive to her legal needs and applied for counsel earlier, we cannot say that her delay necessarily should deprive her of counsel. Absent a statutory limitation, we conclude the district court erred when it declined Rosa's request for court-appointed legal counsel.[4]

Moreover, the record reflects that Rosa's borderline intellectual functioning may have impeded her understanding of the proceedings against her and her pressing need for counsel. The Iowa Department of Human Services case worker assigned to Rosa and Elijah testified at termination that Rosa believed her rights had already been terminated at the July 2006 permanency hearing. Under the circumstances of this case,[5] we conclude it was error for the district court to determine that Rosa's late request should deprive her of her right to appointed counsel. We reverse the termination of Rosa's parental rights to Elijah and remand to the district court for rehearing with direction to appoint legal counsel to represent Rosa prior to the proceeding.

**REVERSED AND REMANDED WITH DIRECTIONS.**

---

tary termination of parental rights under chapter 600A. *See In re R.S.N.*, 706 N.W.2d 705, 707–09 (Iowa 2005).

4. Other states have reached the conclusion that delay in requesting appointment of counsel amounts to a waiver of that right. *See generally* Patricia C. Kussmann, Annotation, *Right of Indigent Parent to Appointed Counsel in Proceeding for Involuntary Termination of Parental Rights*, 92 A.L.R.5th 379 (2001) (analyzing the existence of the right to counsel across various state jurisdictions); *In re B.M.P.*, 704 S.W.2d 237 (Mo.Ct.App.S.D.1986) (holding a request on the day of the termination hearing came too late to trigger the statutory guarantee of appointed counsel when father had no mental deficiency or other incapacity that would prevent him from understanding the summons).

5. We also conclude that our case is distinguishable from *In re S.R.*, 548 N.W.2d 176, 180 (Iowa Ct.App.1996), where the district court denied appointment of counsel to a father whose request came after termination had already occurred. The court reasoned that the incarcerated father waived his right to court-appointed counsel due to his inaction following the notification of his rights in the personal service that stated, "If you are financially unable to hire an attorney, the Court will appoint one for you, if you notify the Clerk of Juvenile Court of this fact within five days after you receive this Notice. If you do not employ an attorney or notify the Clerk within the specified time that you wish an attorney, you will be deemed to have waived this right." *Id.* at 177.